[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10670
Non-Argument Calendar
_____

D.C. Docket No. 3:07-cv-01156-JBT


JAMES ALEXANDER LOGAN,

Plaintiff-Appellant,

versus

ANDREW P. SMITH,
Captain, sued in his/her individual capacity,
MICHAEL RILEY,
Sergeant, sued in his/her individual capacity,
J. L. SILCOX,
Sergeant, sued in his/her individual capacity,
W. GODWIN,
T. A. FOWLER,
Sued in his/her individual capacity, et al.,

Defendants-Appellees,

T. KENNEDY,
Sergeant, sued in his/her individual capacity, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 22, 2018)

Before TJOFLAT, WILSON, and JULIE CARNES, Circuit Judges.

PER CURIAM:

James Logan, a Florida state prisoner, brought a 42 U.S.C. § 1983 action against certain correctional officers and prison staff. A jury returned a verdict in favor of the defendants, and Logan now appeals pro se. On appeal, Logan claims that the district court erred by excluding evidence of his other trials; denying his motion for a new trial; and refusing to grant him a continuance prior to trial. Because Logan has failed to provide the trial or pretrial transcripts, and because we cannot meaningfully review his claims without them, we affirm.

Federal Rule of Appellate Procedure 10(b)(2) requires that "[i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion." *See also* 11th Cir. R. 10–1. While we construe pro se pleadings liberally, even pro se appellants are required to provide hearing transcripts when challenging evidentiary rulings on appeal. *Loren v. Sasser*, 309 F.3d 1296, 1301, 1304 (11th Cir. 2002) (per curiam).

2

When we cannot meaningfully review an issue on appeal without consulting a hearing transcript that an appellant has failed to submit, we must affirm the district court's decision. *Id.*

On appeal, Logan has failed to file the transcripts for his pretrial hearings or his trial proceedings, despite challenging the district court's decisions made during those proceedings. We cannot meaningfully review his claims without the transcripts. Without the transcripts, we cannot determine what Logan's arguments in favor of admitting certain evidence were or the district court's basis for denying his motion. Likewise, we cannot evaluate Logan's arguments that the jury's decision was against the great weight of the evidence without being able to determine what evidence was presented. Finally, as to Logan's argument that the district court erred by denying his request for a continuance, the record does not reveal when and where he requested such a continuance. Assuming he made the request at a pretrial hearing, we are again unable to review his argument without the transcripts. Consequently, we must affirm. *Id.* at 1304.

**AFFIRMED.**